**CONSARC CORPORATION,**
**Supplemental Plaintiff,**

v.

**UNITED STATES TREASURY DEPART-MENT OFFICE OF FOREIGN ASSETS CONTROL, Supplemental Defendant.**

**Civ. A. No. 90–2269–55.**

United States District Court,
District of Columbia.

Oct. 17, 1994.

Ramon P. Marks, Neil E. McDonell, Marks & Murase, New York City, Ronald Paul Kananen, Marks & Murase, Washington, DC, for Consarc Corp. and Consarc Engineering, Ltd.

Campbell Killefer, Shaw, Pittman, Potts & Trowbridge, Washington, DC, for Pittsburgh Nat. Bank, and Royal Bank of Scotland PLC.

James Robert Layton, Robert Lawrence Shapiro, U.S. Attorney's Office, Washington, DC, John Charles Cleary, Leboeuf, Lamb, Leiby & Macrae, Pittsburgh, PA, for Dept. of Treasury and Office of Foreign Assets Control.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on remand from the United States Court of Appeals for the District of Columbia Circuit. The Office of Foreign Assets Control (OFAC) appealed this Court's orders of April 10, 1991, August 22, 1991, and December 29, 1992. The Court of Appeals held as follows:

> We dismiss the appeal in part, thus letting stand the district court's orders that extinguished the standby letter of credit and awarded Consarc the accompanying downpayment. We reverse the district court's orders that awarded the funds to Consarc, that enjoined OFAC to issue an unblocking license, and that enjoined the United States and its agencies from transferring or disposing of the blocked funds. We also remand the case for further proceedings. On remand the district court will restore the *status quo ante* with respect to the $6.4 million, and conduct such proceedings as to the other matters in controversy as may be appropriate.

*Consarc Corp. v. Iraqi Ministry*, 27 F.3d 695, 702 (D.C.Cir.1994).

## ANALYSIS AND DECISION

The scope of the appellate court's remand determines what issues the trial court can relitigate. *Nelson v. All American Life & Financial Corp.*, 889 F.2d 141, 152 (8th Cir.1989). Here, the appellate court did not simply order that this Court enter a judgment requiring the $6.4 million payment to be placed in a blocked account. Rather, the appellate court directed this Court to "restore the *status quo ante*" and conduct "proceedings as to other matters in controversy." It is thus clear that this Court is to consider and decide all remaining issues presented by this litigation. This would include a determination as to the disposition of the furnaces that were sold to the Iraqi government but not delivered at the request of the U.S. Government.[1]

The Court's December 29, 1992 Order permitting OFAC to block the furnaces, and any proceeds the furnaces upon sale may produce, was based on the fact that Consarc

---

1. This Court finds unpersuasive OFAC's highly technical argument that because the Plaintiff did not file a cross-appeal, this Court cannot render an opinion regarding disposition of the furnaces. As noted above, the scope of this Court's authority on remand is determined by the ruling of the Appellate Court and this ruling clearly allows for a reassessment of what is to be done with the furnaces.

was permitted to keep Iraq's $6.4 million payment for the furnaces. OFAC now contends that it is entitled to the furnaces and proceeds from the resale of the furnaces as well as the $6.4 million. Fairness dictates that OFAC cannot have both the furnaces (including proceeds from resale) and the $6.4 million payment.

OFAC's own regulations are consistent with this Court's contention that OFAC cannot have both the furnaces and the proceeds from their original sale to the Iraqi Government. Pursuant to 31 C.F.R. § 575.413, certain goods are exempt from OFAC's freeze orders:

> The prohibitions contained in § 575.201 do not apply to goods manufactured, consigned, or destined for export to Iraq and not subject to § 575.517, if the Government of Iraq has never held or received title to such goods on or after the effective date, and if any payment received from the Government of Iraq with respect to such goods is placed in a blocked account in a U.S. financial institution pursuant to § 575.503. The prohibitions of § 575.205 apply to goods subject to this section.

■ This Court finds that Consarc has satisfied all of the requirements of § 575.413. OFAC does not question the applicability of § 575.413 to the situation at hand, but contends that the only way that the furnaces and proceeds from the sale of the furnaces can remain "unblocked" is to block the $1.1 million downpayment previously received from Iraq, which is currently unblocked. The appellate court has affirmed this Court's April 10, 1991 decision that Iraq has no interest in the downpayment.[2] As such, OFAC has no authority to block the downpayment because the government can only block those payments in which Iraq has an interest. 50 U.S.C. § 1702(a)(1)(A)(ii).[3]

---

**2.** The appellate court dismissed OFAC's appeal as it related to the standby letter of credit and the downpayment due to the untimeliness of the appeal with respect to these matters.

**3.** 50 U.S.C. § 1702(a)(1)(A)(ii) provides,

(a)(1) At the times and to the extent specified in section 1701 of this title, the President may,

## CONCLUSION

Equity and fairness demand that Consarc not be left empty-handed by the U.S. government which initially approved the contract Consarc entered into with Iraq. U.S. corporations must have at least some certainty when they enter into complex international transactions, particularly when they do so with the specific blessing of the U.S. government. They clearly cannot be deprived of both the proceeds of sale as well as the goods sold but not delivered because of the intercession of the government. OFAC's own regulations underscore the need for fairness.

Given that the Court of Appeals has held that the $6.4 million must be placed in a blocked account, this Court will permit Consarc to retain ownership of the furnaces (including proceeds from resale) as well as the downpayment it has received for the furnaces from the Iraqi Government. The $6.4 million Consarc received for the furnaces will be blocked with the understanding that Consarc will have a $6.4 claim against the blocked account. In the event the amount of money Consarc receives from the blocked account along with the $1.1 million downpayment it has received and the proceeds received from the resale of furnaces exceeds the total proceeds it was to receive for the original sale of furnaces to Iraq, plus interest, the excess funds shall be returned to the blocked account.

An appropriate order accompanies this memorandum opinion.

## ORDER

Upon consideration of the Notice of Proposed Order and Supporting Memorandum of Law of plaintiff Consarc Corporation ("Consarc"), for an Order against defendant United States Department of Treasury, Office of Foreign Assets Control ("OFAC") on the issues remanded by the D.C. Circuit for

---

under such regulations as he may prescribe, by means of instructions, licenses, or otherwise—
(A) investigate, regulate, or prohibit—
(ii) transfers of credit or payments between, by, through, or to any banking institution, to the extent that such transfers or payments involve any interest of any foreign country or a national thereof, . . .

**1466**

further proceedings, and OFAC's opposition thereto, and upon consideration of the entire record in the above captioned proceedings, it is this 14th day of October 1994, hereby

ORDERED that OFAC shall treat as unblocked property under the Iraqi Sanctions Regulations ("ISR") the unsold 400 KW/120 KW electron beam refining and melting furnace and other unsold goods ordered by the Iraqi Ministry of Industry and Minerals in 1989, or the proceeds of any sale of such furnaces and goods; and it is

FURTHER ORDERED that upon receipt of this Order, OFAC shall issue a license to PNC Bank, N.A. International Funds Group, unblocking the Funds, including accrued interest, held in account number 13869, which belong to Consarc and constitute the net proceeds of the sale of one of Consarc's furnaces to Mitsubishi Metals; and it is

FURTHER ORDERED that, upon issuance of the foregoing license by OFAC, Consarc shall place into a blocked account, pursuant to ISR §§ 575.503 and 575.413, the amount of $6,422,418.10, plus interest, which constitute the funds set aside in 1989 to pay Consarc under the letter of credit issued by Rafidain Bank and turned over by The Bank of New York to Consarc in 1993; and it is

FURTHER ORDERED that the Directive License issued by OFAC to Consarc on June 17, 1991 shall be vacated; and it is

FURTHER ORDERED that the $1.1 million downpayment received by Consarc shall remain unblocked pursuant to the Court of Appeals' decision. *Consarc Corp. v. Iraqi Ministry*, 27 F.3d 695 (D.C.Cir.1994).

FURTHER ORDERED that this Court shall retain jurisdiction over this matter to provide such other and further relief as may be necessary.